FILED BY HH
Jul 11, 2018
STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. MIAMI

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 11, 2018

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 18-10318-B
Case Style: Guillermo Fuentes v. Jules Heller, et al
District Court Docket No: 9:16-cv-81047-RLR

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

All pending motions are now rendered moot in light of the attached order.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Melanie Gaddis, B
Phone #: (404) 335-6187

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10318-B
_____

GUILLERMO FUENTES,

                                                          Plaintiff-Appellant,

versus

JULES HELLER, M.D.,
Medical Doctor, South Bay Correctional Facility,
SOUTH BAY CF WARDEN,
GEO GROUP INC.,
Owner, South Bay Correctional Facility

                                                          Defendants-Appellees.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

Before: MARTIN, JILL PRYOR and NEWSOM, Circuit Judges.

BY THE COURT:

      Guillermo Fuentes, a Florida prisoner, filed his 42 U.S.C. § 1983 action in the district court, naming, as defendants, Dr. Jules Heller, a physician at South Bay Correctional Facility, D.L. Stine, Warden of South Bay Correctional Facility, and GEO Group Inc. ("GEO"), the corporate owner of South Bay Correctional Facility. In his § 1983 complaint, Fuentes alleged that Dr. Heller was deliberately indifferent to his serious dermatological and ophthalmic needs, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. As to Warden D.L. Stine and GEO Group Inc. ("GEO"), Fuentes alleged that Stine instituted a custom

or policy of delaying prisoners' medical treatment, and GEO had a custom or policy of failing to provide for sufficient funds and staff to meet the medical needs of the inmates at South Bay Correctional Facility. Dr. Heller, Stine, and GEO filed a motion for summary judgment, which the district court granted. Fuentes then filed a motion for leave to proceed in this Court.

Because Fuentes seeks leave to proceed on appeal, his appeal is subject to a frivolity determination. *See* 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it is without arguable merit either in law or fact. *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).

This Court reviews the district court's grant of summary judgment *de novo*. *Moton v. Cowart,* 631 F.3d 1337, 1341 (11th Cir. 2011). In doing so, it draws all inferences and reviews all of the evidence in the light most favorable to the non-moving party. *Id.* "[I]f the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," then summary judgment is appropriate. *Id.* Genuine issues of material fact are those in which the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Ellis v. England,* 432 F.3d 1321, 1325-26 (11th Cir. 2005). For factual issues to be considered genuine, they must have a real basis in the record. *Id.* at 1326. "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Id.*

Deliberate indifference to a prisoner's serious medical needs is a violation of the Eighth Amendment. *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007). To prove such an Eighth Amendment violation, a prisoner must show (1) an objectively serious medical need; (2) that the prison official acted with deliberate indifference to that serious medical need; and (3) that the injury was caused by the defendant's wrongful conduct. *Id*. Medical treatment violates the Eighth Amendment when it is "so grossly incompetent, inadequate, or excessive as

to shock the conscience or to be intolerable to fundamental fairness" and does not give rise to a constitutional claim as long as the treatment provided was "minimally adequate." *Harris v. Thigpen*, 941 F.2d 1495, 1504-05 (11th Cir. 1991) (citations omitted).

In establishing liability pursuant to § 1983, however, a prisoner cannot rely on theories of vicarious liability or respondeat superior. *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.,* 402 F.3d 1092, 1115-16 (11th Cir. 2005). Section 1983 requires proof of an affirmative causal link between the official's acts or omissions and the alleged constitutional deprivation. *See Zatler v. Wainwright,* 802 F.2d 397, 401 (11th Cir. 1986). The causal connection may be proven by showing the official: (1) was personally involved in the acts or omissions which resulted in the constitutional deprivation; (2) established a policy or custom that resulted in the constitutional deprivation; or (3) breached a duty imposed by state or local law. *Id.*

The district court correctly granted the defendants summary judgment, as the record definitively shows that Fuentes received continuous and diligent medical treatment for his dermatological and ophthalmologic ailments. Fuentes's medical records, attached to the defendants' summary judgment motion, shows that he received multiple prescriptions, accommodations, and other miscellaneous treatments during his incarceration at South Bay Correctional Facility. Although Fuentes appears to take issue with Dr. Heller's prescribed treatments, a difference of medical opinion is not sufficient to constitute a deliberate indifference claim under § 1983. *See Hamm*, 774 F.2d at 1575. Nor do Dr. Heller's treatment efforts qualify as so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *See Harris*, 941 F.2d at 1504-05. Finally, Fuentes did not provide any specific facts or other support regarding his claims against GEO or Stine, and,

3

accordingly, the district court correctly granted the defendants' summary judgment on these claims. *See Ellis,* 432 F.3d at 1325-26.

Accordingly, we now find that the appeal is frivolous, DENY leave to proceed, and DISMISS the appeal.

.